SHIVERS, Judge.
The employer/carrier (E/C) in this workers compensation case appeal an order of the deputy commissioner (DC) ordering the E/C to reimburse claimant for payment of bills incurred in his treatment by an unauthorized chiropractor, and awarding the claimant temporary partial wage-loss benefits for the period from April 4, 1986 through October 2, 1986; the claimant cross-appeals the deputy’s finding of no permanent impairment, and his failure to award future palliative chiropractic treatment.
We find competent substantial evidence in the record to support the award of temporary partial wage-loss benefits, and to support both of the findings challenged on cross appeal. We reverse the first issue raised on appeal, however, and remand for further proceedings.
The record indicates that the claimant, who was injured in a 1985 industrial accident, began receiving authorized chiropractic treatment by Dr. Marc Rogoff on September 17, 1985. On October 4, 1985, Rogoff released claimant to return to work, but claimant found that he was unable to perform his duties and, on April 4, 1986, resigned from his position with the appellant/employer. He then returned to Dr. Rogoff and received additional authorized treatment on several occasions through May 5, 1986. Several weeks after his last treatment, claimant began experiencing severe back and leg pain and attempted to obtain further authorization of Rogoff. After making several unsuccessful attempts to obtain authorization, claimant independently sought treatment by another chiropractor, Dr. Frank, who treated him as a private patient from June 19 through October 17, 1986.
Although the evidence presented at the hearing is conflicting, we find that there is competent substantial evidence in the record to support the deputy’s conclusions that Dr. Rogoff s 1986 authorization by the E/C was for a limited number of treatments only, that the claimant was still in need of treatment after his last visit with Rogoff on May 5, 1986, and that claimant unsuccessfully attempted to obtain further authorization of Rogoff both through the E/C and through Rogoff himself. Claimant was, therefore, entitled to seek treatment from Dr. Frank at the E/C’s expense, subject to a determination of the reasonableness and necessity of the treatment by the deputy commissioner at a later time. Section 440.13(2)(b), Florida Statutes; Fuchs Baking Company v. Estate of Szlosek, 466 So.2d 415 (Fla. 1st DCA 1985).
The record also establishes, however, that Dr. Frank failed to file medical reports with the E/C as required by section 440.13(2)(b), Florida Statutes. The deputy *8 commissioner’s order made no specific finding as to whether there existed good cause to excuse the failure to comply with the reporting requirements. Therefore, that portion of the deputy’s order awarding reimbursement to the claimant for payment of Dr. Frank's medical bills is reversed, and the cause is remanded for a specific finding as to whether good cause existed for the failure to comply with section 440.13(2)(b), Florida Statutes. Should the deputy fail to make a finding of good cause, the claim for payment of Dr. Frank’s medical bills must be denied. Walt Disney World Company v. Schiebel, 397 So.2d 1004 (Fla. 1st DCA 1981); Broward Industrial Plating, Inc. v. Weiby, 394 So.2d 1117 (Fla. 1st DCA 1981).
Accordingly, we affirm in part, reverse, and remand for further proceedings.
MILLS and WIGGINTON, JJ., concur.